

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 1:18-CR-152 |
| | ) | |
| v. | ) | Honorable Leonie M. Brinkema |
| | ) | |
| AMRIT JASWANT SINGH CHAHAL, | ) | Sentencing Hearing: March 15, 2019 |
| | ) | |
| Defendant. | ) | |

## AMENDED PRELIMINARY ORDER OF FORFEITURE

WHEREAS, on November 2, 2018, the defendant pleaded guilty to one count of wire fraud, in violation of 18 U.S.C. § 1343, and one count of securities and commodities fraud, in violation of 18 U.S.C. § 1348, and agreed to forfeit the proceeds of his offense, including at least $517,374.81 as a money judgment and $7,547.41 seized from account number 5569513855 in the name of Amrit J. Chahal at Wells Fargo Bank in partial satisfaction of any money judgment;

WHEREAS the indictment included a forfeiture notice notifying the defendant that if convicted of the fraud offenses alleged, the United States would seek forfeiture of any property, real or personal, constituting or derived from proceeds traceable to such violations;

WHEREAS, based on the evidence admitted at sentencing, the declaration of FBI Forensic Accountant Showlatha Johnson, and the other evidence submitted by the United States in support of its forfeiture motion, the Court hereby FINDS that the proceeds the defendant obtained from the wire fraud and securities and commodities fraud were at least $1,232,510.41; that defendant obtained and controlled the disposition of those proceeds; that as a result of acts by the defendant such proceeds have been transferred or sold to, or deposited with, a third party,

have been placed beyond the jurisdiction of this Court, or have been substantially diminished in value, or commingled with other property which cannot be divided without difficulty.

AND WHEREAS, the Court hereby FINDS that $7,547.41 seized from account number 5569513855 in the name of Amrit J. Chahal at Wells Fargo Bank should be forfeited in partial satisfaction of a forfeiture money judgment;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. Pursuant to Fed. R. Crim. P. 32.2(b)(1), 18 U.S.C. §§ 981(a)(1)(C) and 28 U.S.C. § 2461(c), the United States shall have a forfeiture money judgment against the defendant in the amount of $1,232,510.41, which amount represents the illegal proceeds of the wire fraud and securities and commodities fraud to which the defendant pleaded guilty.

2. In partial satisfaction of such money judgment, $7,547.41 seized from Wells Fargo Bank account number 5569513855 in the name of Amrit J. Chahal shall be forfeited to the United States.

3. This order of forfeiture shall be final as to the defendant and included in the Judgment in this case pursuant to Fed. R. Crim. P. 32.2(b)(4).

4. The Attorney General, Secretary of the Treasury, Secretary of Homeland Security, or a designee, is hereby authorized to conduct any discovery for the purpose of identifying or locating property subject to forfeiture pursuant to Fed. R. Crim. P. 32.2 (b)(3) and 21 U.S.C. § 853(g).

2

5. Because the statutory criteria of 21 U.S.C. § 853(p)(1)(A) through (E) are present here, the United States may seek, as substitute assets, pursuant to § 853(p), forfeiture of any of the defendant's property up to the amount set out above.

6. The United States shall publish notice of this order and of its intent to dispose of the property in such manner as the Attorney General may direct, including publication on the Government's Internet site, www.forfeiture.gov, for 30 consecutive days, and to the extent practicable, provide direct written notice to any persons known to have alleged an interest in the property pursuant to Fed. R. Crim. P. 32.2(b)(6) and 21 U.S.C. § 853(n)(1) & (2).

7. Any person, other than the defendant, asserting any legal interest in the property may, within thirty (30) days of the final publication of notice or his receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of the alleged interest in the property pursuant to Fed. R. Crim. P. 32.2(c)(1) and 21 U.S.C. § 853(n)(2).

8. If no third party files a timely petition or if this Court denies and/or dismisses all third party petitions timely filed, this Order shall become the Final Order of Forfeiture, and the United States shall have clear title to the property and may warrant good title to any subsequent purchaser or transferee pursuant to Fed. R. Crim. P. 32.2(c)(2) and 21 U.S.C. § 853(n)(7).

9. If this Court grants any third party rights, a Final Order of Forfeiture that amends this Order as necessary to account for said third party rights, shall be entered pursuant to Fed. R. Crim. P. 32.2(c)(2) and 21 U.S.C. § 853(n)(6).

March 15, 2019
Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge